1   JAMES MCMANIS (40958)
    NEDA MANSOORIAN (207832)
2   CHRISTINE PEEK (234573)
    McMANIS FAULKNER
3   A Professional Corporation
    50 West San Fernando Street, 10th Floor
4   San Jose, California 95113
    Telephone:    408-279-8700
5   Facsimile:    408-279-3244
    Email:        jmcmanis@mcmanisfaulkner.com
6                 cpeek@mcmanisfaulkner.com

7   Attorneys for Plaintiffs

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                       SAN JOSE DIVISION

11

12  BERNARDINO BARRERA, an individual;      No.
    DOLORES BARRERA, an individual;              C 09    00858  PVT
13  MARIA BARRERA, an individual; JOSE
    BARRERA, an individual; A.B., a minor   COMPLAINT FOR:
14  child, by and through her guardian ad litem,
    DOLORES BARRERA,
15                                              1.  42 U.S.C. § 1983 – Violation of
          Plaintiffs,                               Right to Privacy;
16                                              2.  42 U.S.C. § 1983 – False Arrest;
    vs.                                         3.  42 U.S.C. § 1983 – Excessive Force;
17                                              4.  42 U.S.C. § 1983 – Illegal Search;
    CITY OF SAN JOSE, a public entity; SAN     5.  42 U.S.C. § 1983 – First Amendment
18  JOSE POLICE DEPARTMENT, a public               Retaliation;
    entity and department of the City of San
19  Jose; DENNIS DOLEZAL, Badge No. 2010,      6.  42 U.S.C. § 1983 – Equal Protection;
    an individual; BRUCE WILEY, Badge No.      7.  42 U.S.C. § 1981;
20  2102, an individual; MICHAEL               8.  Violation of Civil Code § 51.7;
    SULLIVAN, Badge No. 2733, an individual;   9.  Violation of Civil Code § 52.1;
21  RICK WEGER, Badge No. 2850, an            10.  Violation of Civil Code § 52.3;
    individual; JANA MUNK, Badge No. 2932,    11.  Invasion of Privacy;
22  an individual; JOHN HAGELE, Badge No.     12.  False Arrest/False Imprisonment;
    2968, an individual; ANTHONY HATTEY,      13.  Assault;
23  Badge No. 3035, an individual; TROY       14.  Battery;
    MURRAY, Badge No. 3081, an individual;    15.  Intentional Infliction of Emotional
24  NICHOLAS SPEAKS, Badge No. 3138, an           Distress;
    individual; ERIC DRAGOO, Badge No.        16.  Negligence;
25  3191, an individual; JOHN MARFIA, Badge   17.  Negligent Infliction of Emotional
    No. 3254, an individual; SCOTT                Distress;
26  MORASCI, Badge No. 3292, an individual;   18.  Trespass.
    JEFFREY PROFIO, Badge No. 3295, an
27  individual; EDWARD CONOVER, Badge
    No. 3358, an individual; KEITH            DEMAND FOR JURY TRIAL
28  MIZUHARA, Badge No. 3377, an
    individual; JAMES MENARD, Badge No.

COMPLAINT FOR DAMAGES                                        CASE NO. _____

3447, an individual; JODI WILLIAMS, Badge No. 3571, an individual; CHRIS BIELECKI, Badge No. 3579, an individual; JAMES HOAG, Badge No. 3604, an individual; SEAN MORGAN, Badge No. 3614, an individual; SCOTT MCCULLOCH, Badge No. 3626, an individual; JOSEPH PAOLINI, Badge No. 3646, an individual; ADAM JENKINS, Badge No. 3661, an individual; BETH ALBALOS, Badge No. 3680, an individual; CASSIDY ELISCHER, Badge No. 3739, an individual; GARRIE THOMPSON, Badge No. 3752, an individual; MACEDONIO ZUNIGA, Badge No. 3795, an individual; KYLE CARDIN, Badge No. 3846, an individual; SEAN MATTOCKS, Badge No. 3861, an individual; TEDROS HABIB, Badge No. 3993, an individual; ERIK SNELGROVE, Badge No. 4002, an individual; PAUL FUKUMA, Badge No. 4003, an individual; RYAN DOTE, Badge No. 4006, an individual; DEVLIN CREIGHTON, Badge No. 4013, an individual; MIGUEL MARTIN, Badge No. 4014, an individual; FAYSAL ABI-CHAHINE, Badge No. 4015, an individual; ADAM DORN, Badge No. 4021, an individual; GRAEME NEWTON, Badge No. 4026, an individual; HEIDI KINDORF, Badge No. 4027, an individual; BENJAMIN JENKINS, Badge No. 4035, an individual; RYAN AGAMAV, Badge No. 4041, an individual; STEVEN MARELLO, Badge No. 4044, an individual; and Does 1-100, inclusive,

     Defendants.

ii

Plaintiffs, BERNARDINO BARRERA, DOLORES BARRERA, MARIA BARRERA, JOSE BARRERA, and A.B., (collectively, "plaintiffs") allege as follows:

## JURISDICTION

1.     Plaintiffs bring this Complaint pursuant to the United States Constitution, 42 U.S.C. § 1983, the Constitution of the State of California, and California law.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367(a).

2.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the action occurred in this judicial district.

## INTRADISTRICT ASSIGNMENT

3.     Assignment of this action to the San Jose Division is proper under Civil Local Rules 3-2(c) and 3-2(e), because a substantial part of the events giving rise to the claims alleged herein occurred in the County of Santa Clara.

## PARTIES

4.     Plaintiffs are and at all times herein mentioned were, individuals residing in the County of Santa Clara, State of California.  Plaintiffs are and have been involved with Catholic Charities of Santa Clara County, and Movimiento de Arte y Cultura Latino Americana ("MACLA").  They are well-respected members of the community.  Plaintiffs live at 898 Vine Street in San Jose, California, in a predominantly Latino neighborhood.  Plaintiffs are Latino, having come to the United States from Mexico.

5.     Defendant City is, and at all times herein mentioned was, a public entity located in the County of Santa Clara, State of California, duly organized and existing under the laws of the State of California.

6.     Defendant San Jose Police Department is a public entity, a department or agency of the City, and a municipal law enforcement agency that provides services to the City, which is located within Santa Clara County.

7.     Plaintiffs are informed and believe, and thereon allege, that defendants Dolezal, Wiley, Sullivan, Weger, Munk, Hagele, Hattey, Murray, Speaks, Dragoo, Marfia, Morasci,

1

1    Profio, Conover, Mizuhara, Menard, Williams, Bielecki, Hoag, Morgan, McCulloch, Paolini,

2    Jenkins, Albalos, Elischer, Thompson, Zuniga, Cardin, Mattocks, Habib, Snelgrove, Fukuma,

3    Dote, Creighton, Martin, Abi-Chahine, Dorn, Newton, Kindorf, Jenkins, Agamav, and Marello

4    are, and at all times herein mentioned were, individuals employed by the City as police officers.

5    They are sued here in their individual capacities and in their official capacities.

6        8.     Plaintiffs are ignorant of the true names and capacities of defendants sued herein

7    as Does 1 through 100, inclusive, and therefore sue these defendants by such fictitious names.

8    Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained.

9    Plaintiffs are informed and believe and thereon allege that each of the fictitiously named

10    defendants is responsible in some manner for the occurrences herein alleged, and that plaintiffs'

11    damages as herein alleged were proximately caused by their conduct.

12        9.     At all times herein mentioned, defendants, including those sued herein as Does 1

13    through 100, were the agents, servants, and employees of their co-defendants and in doing the

14    things herein alleged were acting in the scope of their authority as such agents, servants and

15    employees, under the direction and supervision and with the permission and consent of their co-

16    defendants. At all times herein mentioned, defendants, including those sued herein as Does 1

17    through 100, provided each other with armed backup and aided, incited, or conspired in the

18    denial of plaintiffs' constitutional rights and plaintiffs' rights under California Civil Code

19    sections 51.7 and 52.1.

20        10.     At all times herein mentioned, defendant Wiley's actions alleged herein

21    demonstrated reckless and callous indifference to the rights of others, a failure to train, supervise,

22    and control subordinates, and acquiescence in the constitutional deprivations committed by

23    subordinates.

24                               **GENERAL ALLEGATIONS**

25        11.     On or about September 27, 2007, around midnight, plaintiffs were at their home at

26    898 Vine Street in San Jose, California. The home is situated on the corner of Vine Street and

27    Oak Street, in the 95110 Zip code. Plaintiffs Jose and Maria Barrera were watching television in

28    their living room. As they were getting ready to go to sleep, Jose and Maria heard a knock on

COMPLAINT FOR DAMAGES                                        CASE NO. _____

1   the front door, which was closed.  Plaintiffs' front door consists of both an inside door, and a

2   metal outside door with a screen and a curtain.

3       12.     Maria went to the front door and opened the inside door, but did not see anyone

4   directly in front of her.  She looked around and saw what appeared to be police officers off to the

5   side of the door on the porch.  Plaintiffs are informed and believe that these officers included, but

6   were not necessarily limited to, defendants Morasci, Menard, and Fukuma.  Maria opened a

7   window on the screen door to try to get a better look.  The officers told Maria to open the door,

8   but they did not say why.  Maria asked if they had a warrant, but they did not answer her

9   question.  The officers yelled at plaintiffs and continued to insist that Maria open the door.

10  Maria's question to the officers was protected First Amendment expression.

11      13.     Maria and Jose's younger sister, A.B., the minor child of plaintiffs Dolores and

12  Bernardino Barrera, had been trying to sleep because she had school the next day.  A.B. came

13  out to the living room because of the noise.  Jose told A.B. to get their father, Bernardino.  A.B.

14  went back and woke up Bernardino, who had been sleeping.  Bernardino went out to the living

15  room, without a shirt or shoes.  The officers were pounding on the door, and told Bernardino and

16  his family that if they did not open the door, the officers would knock it down.  The officers did

17  not state their purpose in coming to the Barreras' home.  Bernardino opened the door.

18      14.     Plaintiffs are informed and believe, and thereon allege, that the officers who

19  arrived at their family home were officers of the San Jose Police Department.

20      15.     As soon as Bernardino started to open the screen door, the officers pulled it open

21  the rest of the way, stepped inside plaintiffs' home, pushed Bernardino aside, and grabbed

22  Maria's arm.  The officers pulled Maria outside into the front yard, angrily, applying great force

23  to her arm.  There were more police officers outside.  The SJPD officers then pushed Maria face

24  down on the ground in the grass and dirt, scraping and bruising her cheek on the ground.  The

25  officers twisted her arm behind her back, and handcuffed her hands tightly behind her back.

26  More than one male police officer held Maria down.  The officers put pressure on her neck, arm,

27  and lower back with their knees, causing her pain.  Maria asked the officers to stop hurting her

28  neck, but the officers refused.  At no point did Maria struggle or try to resist.  Plaintiffs are

COMPLAINT FOR DAMAGES                                              CASE NO. _____

1    informed and believe, and thereon allege, that the SJPD officers arrested Maria in retaliation for

2    her exercise of her First Amendment right to free speech and her Fourth Amendment right to be

3    free from unreasonable searches and seizures, with the purpose of deterring her from exercising

4    her First and Fourth Amendment rights in the future, and to punish her for exercising her First

5    and Fourth Amendment rights.

6         16.      Plaintiff Jose Barrera saw the officers grab Maria's arm and force her outside. To

7    try to stop the officers from hurting his sister by throwing her to the ground, Jose took hold of

8    Maria's arm, whereupon officers grabbed Jose and pushed him forcefully face down on the

9    ground. The officers put pressure on Jose's lower back and his jaw. Jose's arm was twisted

10    behind his back and his hands were handcuffed tightly behind his back, causing him pain.

11    Because Jose was down on the ground with his face in the dirt, some dirt got on his face and in

12    his mouth. When Jose protested, an officer responded, "You deserve to eat dirt." Jose asked an

13    officer restraining him to loosen the handcuffs. With his knee on Jose's jaw and back, the officer

14    said they were all right. The SJPD officers questioned Jose, and patted him down. At no point

15    did Jose struggle or try to resist.

16         17.      Bernardino followed his children outside after the SJPD officers grabbed them.

17    He tried to tell the officers that Jose had not done anything. Bernardino was also grabbed and

18    physically forced face down on the ground. An SJPD officer on top of Bernardino yelled at him

19    to "shut the fuck up." Bernardino's arm was twisted behind his back and his hands were

20    handcuffed tightly behind his back. The SJPD officers put pressure on Bernardino's back with

21    their knees, causing him pain. Bernardino asked the officer to stop, because he was hurting him

22    badly, but his request was ignored. At no point did Bernardino struggle or try to resist.

23         18.      Soon after the officers pulled Maria outside, plaintiffs Dolores and A.B. also

24    came outside and witnessed the officers treating their family members in the manner described

25    above. Upon seeing her husband and children treated in the above-described manner, Dolores

26    Barrera became very upset. She did not understand what was wrong or why this was happening.

27    Maria became concerned because her mother was diabetic, and told the SJPD officers to be

28    careful with her. Dolores and A.B. told the officers Bernardino had "broken legs" and therefore

COMPLAINT FOR DAMAGES                                        CASE NO. _____

1   could not sit normally.  Bernardino had previously been injured in a car accident.

2         19.    While Maria was on the ground, she heard the SJPD saying they had the wrong

3   address.  Bernardino also heard something about "896" over the police radio.  Plaintiffs are

4   informed and believe, and thereon allege, that the SJPD officers were called to 896 Vine Street,

5   not 898 Vine Street.  Plaintiffs are informed and believe, and thereon allege, that the SJPD

6   officers called for backup using the correct address, 896 Vine Street.  After the backup officers

7   arrived, they started laughing because the original officers had gone to the wrong house.

8   Numerous police cars surrounded the Barreras' home on both sides at the corner of Vine Street

9   and Oak, double parking on both Vine and Oak.  As the SJPD officers swarmed around the

10   house and kept plaintiffs restrained in their own front yard, plaintiffs' neighbors were watching it

11   all.

12         20.    The houses at 896 Vine Street and 898 Vine Street are completely separate

13   structures.  They have separate, fenced yards.  They do not appear similar.  The 898 Vine Street

14   house is clearly labeled as such in two locations: (1) the numbers "898" on the post on the front

15   porch; and (2) a large, white sign hanging from a tree in the front yard, which identifies the

16   house as "898 Vine Street."  To reach plaintiffs' front porch, SJPD officers would have had to

17   pass these markers, which clearly identify the house as 898 Vine Street.

18         21.    Bernardino asked a member of the SJPD with a distinctive mustache who

19   appeared to be in charge why they had come to his home.  The officer was defendant Wiley.

20   Bernardino told Wiley the SJPD officers had come to the wrong house – this was 898 Vine

21   Street.  Wiley insisted this was the right house.  Bernardino asked him what house number they

22   were looking for, but Wiley did not answer him.

23         22.    Wiley told Bernardino that the SJPD officers came to his family's home because

24   the SJPD had received a call saying there was a party going on, with drugs, and there was a lady

25   that had been screaming and fighting all day long.  Dolores and A.B. tried to tell the officers that

26   it was the house next door – 896 Vine Street – but the officers refused to listen to them.  In fact, a

27   woman at 896 Vine Street could be heard screaming while the officers were present.

28         23.    The SJPD officers placed Bernardino in a police car, still handcuffed.  The SJPD

5

COMPLAINT FOR DAMAGES                        CASE NO. _____

1    officers also placed Maria in a police car, still handcuffed. The officers told Maria they were

2    going to take her to jail, and that everything was her fault for not opening the door. Plaintiffs are

3    informed and believe, and thereon allege, that the officers said this to cause Maria emotional

4    distress. Plaintiffs are informed and believe, and thereon allege, that the SJPD officers checked

5    Maria's record, but did not find anything. The SJPD officers repeatedly stated that the incident

6    would not have occurred if Maria had opened the door.

7        24.    In A.B.'s presence, plaintiff Dolores Barrera asked Wiley if they could talk to

8    someone who speaks Spanish, and he told her to "shut up." Dolores told Wiley she was going to

9    get a lawyer, and Wiley responded, "You're Mexican – what do you know about a lawyer?"

10   Dolores told Wiley she wanted to speak to their boss, but the SJPD officers told her Wiley was

11   the boss. Dolores stated that this was discrimination. Wiley told Dolores she did not have the

12   right to say that, and if she did not shut up, he would have her arrested. The SJPD officers

13   threatened Dolores and A.B. that if they did not "shut up" the officers would put them both on

14   the ground too. A Spanish-speaking officer eventually arrived on the scene. Plaintiffs are

15   informed and believe, and thereon allege, that Wiley made these statements and threatened to

16   arrest Dolores and A.B. on the basis of their race, ethnicity, and national origin, and for the

17   purpose of causing Dolores emotional distress and deterring her from exercising her First

18   Amendment right to free speech.

19       25.    After Bernardino, Maria, and Jose had been physically restrained outside the

20   house, the SJPD officers searched plaintiffs' house thoroughly and violently. In plaintiffs' living

21   room, they pulled the couches away from the walls and looked under the seat cushions. The

22   officers destroyed one of the tiles in the living room floor by conducting their search too

23   violently. The officers also searched the kitchen. During the search, Wiley was directing

24   people, and SJPD officers were blocking the entrances to doorways inside the house.

25       26.    Plaintiffs' house is divided into two units with separate entrances, and one

26   common door in the kitchen. The SJPD officers kicked the common kitchen door and then

27   proceeded to wake up the family that lives in the back part of the house. The SJPD officers took

28   the family's teenage son outside through the front and put him under the supervision of an

6

officer.  The officers ordered the two adults of the family to sit down on plaintiffs' couch in the living room.  The officers asked the couple whether they were fighting.  The couple said they were not fighting; they were sleeping.

27.    While Jose was outside, the SJPD officers walked him over in front of 896 Vine Street.  SJPD officers went up to the house and knocked on the door.  The door was opened and the officers went in.  Jose did not observe the officers grab or drag anyone from 896 Vine Street out into the front yard, nor did he observe the officers arrest anyone at 896 Vine Street.

28.    The SJPD officers cited plaintiffs Bernardino, Maria, and Jose for alleged violations of Penal Code section 148.  In explaining why Maria was cited, the officers blamed Maria for not opening the door when she was ordered to do so.  Dolores asked the officers why Maria was supposed to open the door if they had no warrant, but the officers did not answer her. Wiley told Maria she had two choices: (1) go straight to jail; or (2) sign the citation.  Maria signed the citation and was released.  The SJPD officers' conduct towards Maria constituted an arrest.

29.    Jose was told he was being given a citation because he "touched a cop."  Wiley told Jose they were there because his sister did not open the door.  He told Jose his sister was going to be arrested, but that he would not be arrested because he was a minor.  Plaintiffs are informed and believe, and thereon allege, that Wiley told Jose that Maria was going to be arrested in order to cause Jose emotional distress.  Jose was told to sign the citation and he would be released to his mother.  Although Jose was told he was not under arrest, the SJPD officers' conduct towards him constituted an arrest.  Jose signed the citation and was released.

30.    The SJPD officers gave Bernardino the same two choices they gave Maria: (1) go to jail; or (2) sign the citation.  The SJPD officers' conduct towards Bernardino constituted an arrest.  Bernardino signed the citation and was released.  After the officers saw Bernardino almost fall getting out of the police car, and saw he was having trouble walking, they asked him if he needed an ambulance.  Bernardino told them "no," because he could not afford one.  The SJPD officers called the fire department, but the fire department did not take plaintiffs to the hospital.

7

31.     Plaintiffs went to Santa Clara Valley Medical Center ("VMC") sometime around 1:30 a.m. They waited for several hours in the emergency room before being seen. VMC billed plaintiffs for emergency room services. Plaintiffs left VMC early the morning of September 28, 2007.

32.     As a result of the incident, Maria's cheek was bruised and scraped. Maria experienced pain in her neck, legs, and lower back, and experienced difficulty sitting in one place for long periods of time. Her wrists were bruised from the handcuffs, and her arm was also bruised.

33.     Jose suffered bruises on his wrists from being handcuffed. He suffered a scraped leg and bruised jaw, and experienced pain when opening his mouth after the incident. Jose also experienced pain in his lower back and experienced difficulty sitting in one position for long periods of time.

34.     As a result of the incident, Bernardino experienced pain in his back, arms, and legs, and in the back of his head. Bernardino also suffered bruised wrists from being handcuffed, and scratches on his torso. Bernardino's job requires heavy lifting. Due to his injuries, Bernardino could not return to work until October 8, 2007. He had to use up sick time and vacation time to get his full paycheck for that week, to be able to afford rent.

35.     No criminal charges were ever filed against plaintiffs. The SJPD sent Bernardino, Maria, and Jose each a "Notice of Non-Filing with the Court."

36.     At no point during plaintiffs' encounter with the SJPD did any of the officers ever say they had a warrant, or show plaintiffs anything that looked like a warrant. Plaintiffs are informed and believe that the SJPD did not have, and made no attempt to get, either a search warrant or an arrest warrant, at any time. During the encounter, the SJPD officers were rude, aggressive, and generally offensive, frequently using profanity to tell plaintiffs – who had committed no crime – to "shut the fuck up."

37.     Plaintiffs are informed and believe, and thereon allege, that defendants use their neighborhood as a training ground for inexperienced SJPD officers. Plaintiffs are informed and believe, and thereon allege, that defendants' actions alleged herein were the direct and proximate

8

1   result of the City's and the SJPD's failure to train SJPD officers on what is required under the

2   Fourth Amendment and the case law interpreting it to arrest a suspect in his or her home

3   lawfully, or to search a suspect's home, and on the procedures for obtaining warrants, both in-

4   person and on the telephone.  Plaintiffs are further informed and believe, and thereon allege, that

5   defendants' actions alleged herein were the direct and proximate result of the City's and the

6   SJPD's failure to train SJPD officers on what is required under the First and Fourteenth

7   Amendments, and the case law interpreting them, and the City's and the SJPD's failure to train

8   SJPD officers on what is required to support an arrest and conviction for violating Penal Code

9   section 148.

10       38.     Plaintiffs served a claim on the City of San Jose on March 21, 2008, in

11   compliance with Government Code section 900 et seq.  Plaintiffs are informed and believe their

12   claim was rejected by operation of law on May 5, 2008.  Plaintiffs attempted to ascertain whether

13   the San Jose Police Department is registered as a public agency with the Secretary of State,

14   pursuant to Government Code section 53051, but the Office of the Secretary of State could not

15   locate the SJPD on its roster of public agencies.  Plaintiffs are informed and believe, and thereon

16   allege, that the claims presentation requirement does not apply with respect to the SJPD.

17   Nevertheless, plaintiffs served a claim on the SJPD on March 26, 2008.  Plaintiffs are informed

18   and believe their claim was rejected by operation of law on May 15, 2008.

19                              **FIRST CAUSE OF ACTION**

20                    **(42 U.S.C. § 1983 – Invasion of Privacy –**
                      **All Plaintiffs Against All Defendants)**
21

22       39.     Plaintiffs hereby incorporate by reference paragraphs 1 through 38, inclusive.

23       40.     Although defendants lacked a warrant of any kind, or any reasonable belief that

24   an exception to the warrant requirement applied, defendants coerced and intimidated plaintiffs in

25   order to force entry into plaintiffs' home.  Plaintiffs did not voluntarily consent to allow

26   defendants to enter their part of the house, at any time.  Defendants further invaded plaintiffs'

27   privacy by searching their home without a warrant or probable cause, or any reasonable belief

28   that an exception to the warrant requirement applied.  In doing the acts complained of herein,

9

COMPLAINT FOR DAMAGES                                    CASE NO. _____

1  defendants deprived plaintiffs of their right to privacy in their home, which is protected by the

2  Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

3      41.    In committing the acts herein alleged, defendants were acting under color of state

4  law.

5      42.    At all times mentioned herein, defendants were acting in accordance with a

6  custom, policy and practice of the City and the SJPD in violating plaintiffs' constitutional rights.

7  Plaintiffs are informed and believe, and thereon allege, that defendants' actions alleged herein

8  were the direct and proximate result of the City's and the SJPD's failure adequately to train

9  SJPD officers on what is required under the Fourth Amendment and the case law interpreting it

10  to arrest a suspect in his or her home lawfully, or to search a suspect's home, and on the

11  procedures for obtaining warrants, both in-person and on the telephone.  Such failure amounts to

12  deliberate indifference to the rights of persons with whom the SJPD comes into contact.

13      43.    As a direct and proximate result of defendants' wrongful acts alleged herein,

14  plaintiffs suffered damages, including humiliation and damage to their reputation, bodily injury,

15  physical pain, property damage, emotional distress, and deprivation of their constitutional rights,

16  according to proof at the time of trial.

17      44.    Plaintiffs are informed and believe, and thereon allege, that defendants' acts

18  alleged above were done with malice, fraud, and oppression, and in reckless disregard of

19  plaintiffs' constitutional rights, justifying an award of exemplary and punitive damages.

20  **SECOND CAUSE OF ACTION**

21  **(42 U.S.C. § 1983 – Fourth Amendment – Plaintiffs Maria Barrera,**
**Bernardino Barrera, and Jose Barrera Against All Defendants)**

22

23      45.    Plaintiffs hereby incorporate by reference paragraphs 1 through 44, inclusive.

24      46.    The SJPD officers falsely arrested Maria, Bernardino, and Jose without a warrant,

25  probable cause, or any reasonable belief that they had violated the law.  In doing the acts

26  complained of herein, defendants deprived plaintiffs of their rights under the Fourth Amendment

27  to the United States Constitution.

28      47.    In committing the acts herein alleged, defendants were acting under color of state

10

COMPLAINT FOR DAMAGES        CASE NO. _____

1    law.

2        48.    At all times mentioned herein, defendants were acting in accordance with a

3    custom, policy and practice of the City and the SJPD in violating plaintiffs' constitutional rights.

4    Plaintiffs are informed and believe, and thereon allege, that defendants' actions alleged herein

5    were the direct and proximate result of the City's and the SJPD's failure adequately to train

6    SJPD officers on what is required under the Fourth Amendment and the case law interpreting it

7    to arrest a suspect in his or her home lawfully, or to search a suspect's home, and on the

8    procedures for obtaining warrants, both in-person and on the telephone.  Plaintiffs are further

9    informed and believe, and thereon allege, that defendants' actions alleged herein were the direct

10   and proximate result of the City's and the SJPD's failure adequately to train SJPD officers on

11   what is required to support an arrest and conviction for violating Penal Code section 148.  Such

12   failure amounts to deliberate indifference to the rights of persons with whom the SJPD comes

13   into contact.

14       49.    As a direct and proximate result of defendants' wrongful acts alleged herein,

15   plaintiffs suffered damages, including humiliation and damage to their reputation, bodily injury,

16   physical pain, emotional distress, and deprivation of their constitutional rights, according to

17   proof at the time of trial.

18       50.    Defendants' acts alleged above were willful, wanton, malicious, and oppressive,

19   and justify an award of exemplary and punitive damages.

20                              **THIRD CAUSE OF ACTION**

21   **(42 U.S.C. § 1983 – Fourth Amendment – Plaintiffs Maria Barrera, Bernardino Barrera,**
22   **and Jose Barrera Against Defendants Wiley, Morasci, Menard, Fukuma, and Does 1-100)**

23       51.    Plaintiffs hereby incorporate by reference paragraphs 1 through 50, inclusive.

24       52.    The SJPD officers made the aforementioned arrests of plaintiffs Maria Barrera,

25   Bernardino Barrera, and Jose Barrera with excessive force.  In doing the acts complained of

26   herein, defendants deprived plaintiffs of their rights under the Fourth Amendment to the United

27   States Constitution.

28       53.    In committing the acts herein alleged, defendants were acting under color of state

                                            11
COMPLAINT FOR DAMAGES                                          CASE NO. _____

1   law.

2       54.    At all times mentioned herein, defendants were acting in accordance with a

3   custom, policy and practice of the City and the SJPD in violating plaintiffs' constitutional rights.

4   Plaintiffs are informed and believe, and thereon allege, that defendants' actions alleged herein

5   were the direct and proximate result of the City's and the SJPD's failure adequately to train

6   SJPD officers on what is required to support an arrest and conviction for violating Penal Code

7   section 148.

8       55.    As a direct and proximate result of defendants' wrongful acts alleged herein,

9   plaintiffs suffered damages, including humiliation and damage to their reputation, bodily injury,

10   physical pain, emotional distress, and deprivation of their constitutional rights, according to

11   proof at the time of trial.

12       56.    Plaintiffs are informed and believe, and thereon allege, that defendants' acts

13   alleged above were done with malice, fraud, and oppression, and in reckless disregard of

14   plaintiffs' constitutional rights, justifying an award of exemplary and punitive damages.

15   **FOURTH CAUSE OF ACTION**

16   **(42 U.S.C. § 1983 – Fourth Amendment –**
**All Plaintiffs Against All Defendants)**
17

18       57.    Plaintiffs hereby incorporate by reference paragraphs 1 through 56, inclusive.

19       58.    The SJPD officers conducted an illegal search of plaintiffs' home, lacking a

20   search warrant or probable cause to believe evidence of a crime would be found therein, or any

21   reasonable belief that an exception to the warrant requirement applied.  The SJPD officers

22   conducted the illegal search in a violent manner, damaging and destroying plaintiffs' property.

23   In doing the acts complained of herein, defendants deprived plaintiffs of their rights under the

24   Fourth Amendment to the United States Constitution.

25       59.    In committing the acts herein alleged, defendants were acting under color of state

26   law.

27       60.    At all times mentioned herein, defendants were acting in accordance with a

28   custom, policy and practice of the City and the SJPD in violating plaintiffs' constitutional rights.

12

COMPLAINT FOR DAMAGES                        CASE NO. _____

1   Plaintiffs are informed and believe, and thereon allege, that defendants' actions alleged herein

2   were the direct and proximate result of the City's and the SJPD's failure adequately to train

3   SJPD officers on what is required under the Fourth Amendment and the case law interpreting it

4   to arrest a suspect in his or her home lawfully, or to search a suspect's home, and on the

5   procedures for obtaining warrants, both in-person and on the telephone.  Plaintiffs are further

6   informed and believe, and thereon allege, that defendants' actions alleged herein were the direct

7   and proximate result of the City's and the SJPD's failure adequately to train SJPD officers on

8   what is required to support an arrest and conviction for violating Penal Code section 148.  Such

9   failure amounts to deliberate indifference to the rights of persons with whom the SJPD comes

10   into contact.

11         61.     As a direct and proximate result of defendants' wrongful acts alleged herein,

12   plaintiffs suffered damages, including humiliation and damage to their reputation, property

13   damage, emotional distress, and deprivation of their constitutional rights, according to proof at

14   the time of trial.

15         62.     Plaintiffs are informed and believe, and thereon allege, that defendants' acts

16   alleged above were done with malice, fraud, and oppression, and in reckless disregard of

17   plaintiffs' constitutional rights, justifying an award of exemplary and punitive damages.

18                                    **FIFTH CAUSE OF ACTION**

19   **(42 U.S.C. § 1983 – First Amendment – Plaintiffs Maria Barrera and Dolores Barrera
     Against Defendants Wiley, Morasci, Menard, Fukuma, and Does 1-100)**

20

21         63.     Plaintiffs hereby incorporate by reference paragraphs 1 through 62, inclusive.

22         64.     Plaintiff Maria Barrera's question to the SJPD officers whether or not they had a

23   warrant, and her passive refusal to open the door without a warrant, were protected First

24   Amendment expression.  Maria's exercise of her protected First Amendment rights appeared to

25   anger the SJPD officers.  Maria is informed and believes, and thereon alleges, that the officers

26   subjected her to the above-described treatment in retaliation for, and as punishment for, her

27   exercise of her protected free speech rights, and to deter her from asserting her First and Fourth

28   Amendment rights in the future.  Plaintiff Maria Barrera is informed and believes, and thereon

13

COMPLAINT FOR DAMAGES                                          CASE NO. _____

1 | alleges, that the officers would not have engaged in the conduct alleged herein but for their

2 | retaliatory motives.

3 | 65.   Plaintiff Dolores Barrera's statement that defendants' treatment of her family

4 | constituted discrimination and her request to speak to a Spanish-speaking officer were protected

5 | First Amendment expression.  Dolores is informed and believes, and thereon alleges, that

6 | defendants threatened her and her daughter A.B. with arrest in retaliation for Dolores' exercise of

7 | her protected free speech rights, and to deter her from asserting her First Amendment rights in

8 | the future.  Having just observed the officers violently arrest her husband and two of her

9 | children, Dolores reasonably feared she and A.B. would be subjected to a violent arrest if she

10 | continued to exercise her free speech rights.  Plaintiff Dolores Barrera is informed and believes,

11 | and thereon alleges, that the officers would not have engaged in the conduct alleged herein but

12 | for their retaliatory motives.

13 | 66.   In doing the acts complained of herein, defendants deprived plaintiffs Maria

14 | Barrera and Dolores Barrera of their rights under the First and Fourteenth Amendments to the

15 | United States Constitution.

16 | 67.   In committing the acts herein alleged, defendants were acting under color of state

17 | law.

18 | 68.   At all times mentioned herein, defendants were acting in accordance with a

19 | custom, policy and practice of the City and the SJPD in violating plaintiffs' constitutional rights.

20 | Plaintiffs are informed and believe, and thereon allege, that defendants' actions alleged herein

21 | were the direct and proximate result of the City's and the SJPD's failure adequately to train

22 | SJPD officers on what is required under the Fourth Amendment and the case law interpreting it

23 | to arrest a suspect in his or her home lawfully, or to search a suspect's home, and on the

24 | procedures for obtaining warrants, both in-person and on the telephone.  Plaintiffs are further

25 | informed and believe, and thereon allege, that defendants' actions alleged herein were the direct

26 | and proximate result of the City's and the SJPD's failure adequately to train SJPD officers on

27 | what is required under the First and Fourteenth Amendments, and the case law interpreting them,

28 | and of the City's and the SJPD's failure adequately to train SJPD officers on what is required to

14

COMPLAINT FOR DAMAGES                                               CASE NO. _____

1   support an arrest and conviction for violating Penal Code section 148.  Such failure amounts to

2   deliberate indifference to the rights of persons with whom the SJPD comes into contact.

3        69.    As a direct and proximate result of defendants' wrongful acts alleged herein,

4   plaintiffs suffered damages, including humiliation and damage to their reputation, bodily injury,

5   physical pain, emotional distress, and deprivation of their constitutional rights, according to

6   proof at the time of trial.

7        70.    Plaintiffs are informed and believe, and thereon allege, that defendants' acts

8   alleged above were done with malice, fraud, and oppression, and in reckless disregard of

9   plaintiffs' constitutional rights, justifying an award of exemplary and punitive damages.

### SIXTH CAUSE OF ACTION

**(42 U.S.C. § 1983 – Equal Protection –
All Plaintiffs Against Defendant Wiley and Does 1-100)**

13        71.    Plaintiffs hereby incorporate by reference paragraphs 1 through 70, inclusive.

14        72.    Plaintiffs are informed and believe, and thereon allege, that defendants acted in a

15   discriminatory manner, with the intent to discriminate against plaintiffs by subjecting them to the

16   above-described treatment, and by continuing to restrain plaintiffs' liberty of movement and

17   violate their rights after they knew or should have known of their error, on the basis of plaintiffs'

18   race, ethnicity, or national origin.  Plaintiffs are informed and believe, and thereon allege, that

19   defendants subjected them to such treatment because defendants believed, due to plaintiffs' race,

20   ethnicity, or national origin, that plaintiffs would be unable to protect their rights in the event

21   defendants decided to violate them.  In doing the acts complained of herein, defendants deprived

22   plaintiffs of their rights under the Fourteenth Amendment to the United States Constitution.

23        73.    In committing the acts herein alleged, defendants were acting under color of state

24   law.

25        74.    At all times mentioned herein, defendants were acting in accordance with a

26   custom, policy and practice of the City and the SJPD in violating plaintiffs' constitutional rights.

27        75.    As a direct and proximate result of defendants' wrongful acts alleged herein,

28   plaintiffs suffered damages, including humiliation and damage to their reputation, bodily injury,

15

1  physical pain, property damage, emotional distress, and deprivation of their constitutional rights,

2  according to proof at the time of trial.

3      76.    Plaintiffs are informed and believe, and thereon allege, that defendants' acts

4  alleged above were done with malice, fraud, and oppression, and in reckless disregard of

5  plaintiffs' constitutional rights, justifying an award of exemplary and punitive damages.

6                    **SEVENTH CAUSE OF ACTION**

7      **(42 U.S.C. § 1981 – All Plaintiffs Against Defendant Wiley and Does 1-100)**

8      77.    Plaintiffs hereby incorporate by reference paragraphs 1 through 76, inclusive.

9      78.    Plaintiffs are informed and believe, and thereon allege, that defendants acted in a

10  discriminatory manner, with the intent to discriminate against plaintiffs by subjecting them to the

11  above-described treatment, and by continuing to restrain plaintiffs' liberty of movement and

12  violate their rights after they knew or should have known of their mistake, on the basis of

13  plaintiffs' race, ethnicity, and national origin.  Plaintiffs are informed and believe, and thereon

14  allege, that defendants subjected them to such treatment because defendants believed, due to

15  plaintiffs' race, ethnicity, and national origin, that plaintiffs would be unable to protect their

16  rights in the event defendants decided to violate them.  In doing the acts complained of herein,

17  defendants deprived plaintiffs of their right to the full and equal benefit of all laws, and of their

18  right to like punishment, which are protected by 42 U.S.C. § 1981.

19      79.    In committing the acts herein alleged, defendants were acting under color of state

20  law.

21      80.    At all times mentioned herein, defendants were acting in accordance with a

22  custom, policy and practice of the City and the SJPD in violating plaintiffs' constitutional rights.

23      81.    As a direct and proximate result of defendants' wrongful acts alleged herein,

24  plaintiffs suffered damages, including humiliation and damage to their reputation, bodily injury,

25  physical pain, property damage, emotional distress, and deprivation of their constitutional rights,

26  according to proof at the time of trial.

27      82.    Plaintiffs are informed and believe, and thereon allege, that defendants' acts

28  alleged above were done with malice, fraud, and oppression, and in reckless disregard of

16

1 | plaintiffs' constitutional rights, justifying an award of exemplary and punitive damages.

2 | ### EIGHTH CAUSE OF ACTION

3 | **(Violation of Civil Code Section 51.7 – All Plaintiffs Against All Defendants)**

4 | 83.     Plaintiffs hereby incorporate by reference paragraphs 1 through 82, inclusive.

5 | 84.     Defendants threatened and committed violent acts against plaintiffs and their

6 | property.  Plaintiffs are informed and believe, and thereon allege, that a substantial motivating

7 | reason for defendants' conduct was plaintiffs' race, ethnicity, or national origin, as follows:

8 |          a.     Defendants threatened plaintiffs Dolores and A.B. with arrest if Dolores

9 | would not "shut up."  Wiley also told plaintiff Dolores "You're Mexican – what do you

10 | know about a lawyer?"  Plaintiffs Dolores and A.B. are informed and believe, and

11 | thereon allege, that a substantial motivating reason for these threats was their race,

12 | ethnicity, or national origin.  Having just observed the SJPD officers violently arrest their

13 | family members, Dolores and A.B. reasonably feared they would be subjected to a

14 | violent arrest, based on their race, ethnicity, or national origin.  Plaintiffs are informed

15 | and believe, and thereon allege, that defendants subjected them to such treatment because

16 | defendants believed, due to plaintiffs' race, ethnicity, or national origin, that plaintiffs

17 | would be unable to protect their rights in the event defendants decided to violate them.

18 |          b.     Defendants violently searched plaintiffs' home, damaging and destroying

19 | their property.  Plaintiffs are informed and believe, and thereon allege, that a substantial

20 | motivating reason for defendants' search and the manner in which it was conducted was

21 | their race, ethnicity, or national origin.  Plaintiffs are informed and believe, and thereon

22 | allege, that defendants subjected them to such treatment because defendants believed, due

23 | to plaintiffs' race, ethnicity, or national origin, that plaintiffs would be unable to protect

24 | their rights in the event defendants decided to violate them.

25 |          c.     Defendants violently arrested plaintiffs Maria, Bernardino, and Jose,

26 | without a warrant, probable cause, or any reasonable belief that any of them had

27 | committed a crime.  Plaintiffs are informed and believe, and thereon allege, that a

28 | substantial motivating reason for the unlawful arrests and the violent manner in which

1  they were accomplished was their race, ethnicity, or national origin.  Plaintiffs are

2  informed and believe, and thereon allege, that defendants subjected them to such

3  treatment because defendants believed, due to plaintiffs' race, ethnicity, or national

4  origin, that plaintiffs would be unable to protect their rights in the event defendants

5  decided to violate them.

6        85.    As a direct and proximate result of defendants' wrongful acts alleged herein,

7  plaintiffs suffered damages, including humiliation and damage to their reputation, bodily injury,

8  physical pain, property damage, and emotional distress, according to proof at the time of trial.

9        86.    Plaintiffs are informed and believe, and thereon allege, that defendants' acts

10  alleged above were done with malice, fraud, and oppression, and in reckless disregard of

11  plaintiffs' constitutional rights, justifying an award of exemplary and punitive damages.

12  **NINTH CAUSE OF ACTION**

13  **(Violation of Civil Code Section 52.1 – All Plaintiffs Against All Defendants)**

14        87.    Plaintiffs hereby incorporate by reference paragraphs 1 through 86, inclusive.

15        88.    Defendants' conduct alleged herein interfered with, or constituted an attempt to

16  interfere with, plaintiffs' constitutional rights by threatening or committing violent acts, as

17  follows:

18        a.    Defendants threatened plaintiffs Dolores and A.B. with arrest if Dolores

19  would not "shut up." Wiley also told Dolores, "You're Mexican – what do you know

20  about a lawyer?" Plaintiffs Dolores and A.B. are informed and believe, and thereon

21  allege, that a substantial motivating reason for these threats was their race, ethnicity, and

22  national origin. Having just observed the SJPD officers violently arrest their family

23  members, Dolores and A.B. reasonably feared they would be subjected to a violent arrest,

24  based on their race, ethnicity, and national origin.

25        b.    Defendants threatened to arrest Dolores and A.B. if Dolores did not "shut

26  up," after Dolores stated the SJPD's treatment of her family amounted to discrimination.

27  Dolores is informed and believes, and thereon alleges, that defendants threatened her and

28  her daughter A.B. with arrest in retaliation for Dolores' exercise of her protected free

speech rights, and to deter her from asserting her First Amendment rights in the future.

        c.        Defendants invaded plaintiffs' privacy by coercing entry into plaintiffs' home, without a warrant or any reasonable belief in the existence of an exception to the warrant requirement, by threatening and intimidating them. Defendants falsely arrested plaintiffs Maria, Bernardino, and Jose, without a warrant or probable cause, or any reasonable belief that any of them had committed a crime. The arrests were made with excessive force. Plaintiffs are informed and believe, and thereon allege, that a substantial motivating reason for the unlawful arrests and the violent manner in which they were accomplished was their race, ethnicity, or national origin. Plaintiffs are further informed and believe, and thereon allege, that defendants arrested Maria in retaliation for her exercise of her protected free speech rights, and to deter her from asserting her First Amendment rights in the future.

        d.        Defendants unlawfully searched plaintiffs' home in a violent manner, without a warrant or probable cause to believe they would find evidence of a crime. The SJPD damaged and destroyed plaintiffs' personal property in the course of conducting the search. Plaintiffs are informed and believe, and thereon allege, that a substantial motivating reason for defendants' search and the manner in which it was conducted was their race, ethnicity, or national origin.

        89.     Defendants' conduct alleged herein interfered with, or constituted an attempt to interfere with, plaintiffs' rights under the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and article I, sections 1, 2, 7, 13, and 15 of the California Constitution, through violence or the threat of violence. Plaintiffs reasonably believed that if they exercised the aforementioned rights, defendants would commit further violence upon them or their property.

        90.     As a direct and proximate result of defendants' wrongful acts alleged herein, plaintiffs suffered damages, including humiliation and damage to their reputation, bodily injury, physical pain, property damage, and emotional distress, according to proof at the time of trial.

        91.     Plaintiffs are informed and believe, and thereon allege, that defendants' acts

1   alleged above were done with malice, fraud, and oppression, and in reckless disregard of

2   plaintiffs' constitutional rights, justifying an award of exemplary and punitive damages.

3   **TENTH CAUSE OF ACTION**

4   **(Violation of Civil Code Section 52.3 – All Plaintiffs Against All Defendants)**

5       92.     Plaintiffs hereby incorporate by reference paragraphs 1 through 91, inclusive.

6       93.     Plaintiffs are informed and believe, and thereon allege, that the acts of defendants

7   herein alleged were done pursuant to a pattern and practice of depriving persons of rights,

8   privileges, and immunities secured by the laws and Constitution of the State of California, and

9   the laws and Constitution of the United States.  Specifically, plaintiffs are informed and believe,

10  and thereon allege, that defendants have a pattern and practice of disproportionately

11  criminalizing and deliberately violating the rights of Latinos or persons perceived to be Latino,

12  including by way of example, but not limited to, falsely arresting Latinos for purported public

13  intoxication without probable cause.

14      94.     As a direct and proximate result of defendants' wrongful pattern and practice

15  alleged herein, plaintiffs suffered damages, including humiliation and damage to their reputation,

16  bodily injury, physical pain, property damage, and emotional distress, according to proof at the

17  time of trial.

18      95.     Plaintiffs are informed and believe, and thereon allege, that defendants' acts

19  alleged above were done with malice, fraud, and oppression, and in reckless disregard of

20  plaintiffs' constitutional rights, justifying an award of exemplary and punitive damages.

21  **ELEVENTH CAUSE OF ACTION**

22  **(Invasion of Privacy – All Plaintiffs Against All Defendants)**

23      96.     Plaintiffs hereby incorporate by reference paragraphs 1 through 95, inclusive.

24      97.     Plaintiffs have a legally protected interest in the privacy of their home, under the

25  Fourth Amendment to the United States Constitution, and article 1, section 1 of the California

26  Constitution, and the common law of the state of California, which recognizes the tort of

27  physical intrusion upon a person's solitude or seclusion.

28      98.     Defendants' actions alleged herein constitute a serious invasion of plaintiffs'

20

COMPLAINT FOR DAMAGES                                          CASE NO. _____

1  reasonable expectation of privacy in their family home. Defendants intentionally forced entry

2  into plaintiffs' home, without a warrant or any reasonable belief in the existence of an exception

3  to the warrant requirement, by threatening and intimidating plaintiffs. Plaintiffs did not

4  voluntarily consent to allow defendants to enter their home. Plaintiffs are informed and believe,

5  and thereon allege, that reasonable people would consider such intrusion into the privacy of the

6  home highly offensive.

7        99.    As a direct and proximate result of defendants' conduct alleged herein, plaintiffs

8  suffered damages, including humiliation and damage to their reputation, bodily injury, physical

9  pain, property damage, and emotional distress, according to proof at the time of trial.

10       100.    Plaintiffs are informed and believe, and thereon allege, that defendants' acts

11  alleged above were done with malice, fraud, and oppression, and in reckless disregard of

12  plaintiffs' constitutional rights, justifying an award of exemplary and punitive damages.

### TWELFTH CAUSE OF ACTION

**(False Arrest/False Imprisonment – Plaintiffs Maria Barrera, Bernardino Barrera, and Jose Barrera Against All Defendants)**

16       101.    Plaintiffs hereby incorporate by reference paragraphs 1 through 100, inclusive.

17       102.    Defendants falsely arrested Maria, Bernardino, and Jose without a warrant or

18  other legal process, probable cause, or any reasonable belief that plaintiffs had violated the law.

19       103.    Defendants restrained plaintiffs' liberty of movement for a significant period of

20  time, while they purportedly checked plaintiffs' criminal records, and illegally searched their

21  home.

22       104.    As a direct and proximate result of defendants' conduct alleged herein, plaintiffs

23  suffered damages, including humiliation and damage to their reputation, bodily injury, physical

24  pain, and emotional distress, according to proof at the time of trial.

25       105.    Plaintiffs are informed and believe, and thereon allege, that defendants' acts

26  alleged above were done with malice, fraud, and oppression, and in reckless disregard of

27  plaintiffs' constitutional rights, justifying an award of exemplary and punitive damages.

28  / / /

21

1

**THIRTEENTH CAUSE OF ACTION**

2

**(Assault – Plaintiffs Maria Barrera, Bernardino Barrera, and
Jose Barrera Against Defendants Morasci, Menard, Fukuma, and Does 1-100)**

3

4          106.    Plaintiffs hereby incorporate by reference paragraphs 1 through 105, inclusive.

5          107.    Plaintiffs are informed and believe, and thereon allege, that in performing the

6   unlawful arrests alleged herein, defendants intended to cause plaintiffs harmful or offensive

7   contact.

8          108.    Plaintiffs reasonably believed they were about to be touched in a harmful or

9   offensive manner.

10          109.    Maria, Bernardino, and Jose did not consent to defendants' conduct.

11          110.    As a direct and proximate result of defendants' conduct alleged herein, plaintiffs

12   suffered damages, including humiliation and damage to their reputation, bodily injury, physical

13   pain, and emotional distress, according to proof at the time of trial.

14          111.    Plaintiffs are informed and believe, and thereon allege, that defendants' acts

15   alleged above were done with malice, fraud, and oppression, and in reckless disregard of

16   plaintiffs' constitutional rights, justifying an award of exemplary and punitive damages.

17

**FOURTEENTH CAUSE OF ACTION**

18

**(Battery – Plaintiffs Maria Barrera, Bernardino Barrera, and
Jose Barrera Against Defendants Morasci, Menard, Fukuma, and Does 1-100)**

19

20          112.    Plaintiffs hereby incorporate by reference paragraphs 1 through 111, inclusive.

21          113.    In performing the acts alleged herein, defendants intentionally touched Maria,

22   Bernardino, and Jose.

23          114.    Defendants used unreasonable force to arrest Maria, Bernardino, and Jose.

24          115.    Maria, Bernardino, and Jose did not consent to defendants' use of force.

25          116.    As a direct and proximate result of defendants' conduct alleged herein, plaintiffs

26   suffered damages, including humiliation and damage to their reputation, bodily injury, physical

27   pain, and emotional distress, according to proof at the time of trial.

28          117.    Plaintiffs are informed and believe, and thereon allege, that defendants' acts

22

1    alleged above were done with malice, fraud, and oppression, and in reckless disregard of

2    plaintiffs' constitutional rights, justifying an award of exemplary and punitive damages.

3                          **FIFTEENTH CAUSE OF ACTION**

4    **(Intentional Infliction of Emotional Distress – All Plaintiffs Against All Defendants)**

5          118.    Plaintiffs hereby incorporate by reference paragraphs 1 through 117, inclusive.

6          119.    Defendants' conduct alleged herein was extreme and outrageous, and performed

7    with the intention of causing emotional distress to plaintiffs, or with reckless disregard of the

8    probability of causing emotional distress.

9          120.    As a direct and proximate result of defendants' conduct, plaintiffs suffered severe

10   emotional distress, including highly unpleasant mental reactions, profound shock, fright, horror,

11   grief, shame, humiliation, embarrassment, anger, chagrin, disappointment or worry.

12         121.    Plaintiffs are informed and believe, and thereon allege, that defendants' acts

13   alleged above were done with malice, fraud, and oppression, and in reckless disregard of

14   plaintiffs' constitutional rights, justifying an award of exemplary and punitive damages.

15                          **SIXTEENTH CAUSE OF ACTION**

16               **(Negligence – All Plaintiffs Against All Defendants)**

17         122.    Plaintiffs hereby incorporate by reference paragraphs 1 through 121, inclusive.

18         123.    Defendants breached a duty owed to plaintiffs by engaging in the acts alleged

19   herein.

20         124.    Defendants knew or should have known that violently arresting plaintiffs Maria,

21   Bernardino, and Jose, without a warrant or probable cause, or any reasonable belief that any of

22   them had committed a crime would cause plaintiffs injury.

23         125.    Plaintiffs are informed and believe, and thereon allege, that defendants failed

24   competently to investigate whether they were at the house to which they had been called.

25   Defendants knew or should have known that plaintiffs would suffer injury as a result of

26   defendants' failure competently to investigate whether they were at the address to which they

27   had been called.

28         126.    Defendants knew or should have known plaintiffs would suffer injury as a result

                                        23

of defendants' conduct in (a) threatening to arrest or arresting plaintiffs violently, and on the

basis of their race, ethnicity, or national origin, in violation of Civil Code sections 51.7 and 52.1;

(b) searching plaintiffs' home and destroying their personal property violently, and on the basis

of their race, ethnicity, or national origin, in violation of Civil Code sections 51.7 and 52.1; (c)

threatening to arrest or arresting Maria and Dolores violently in retaliation for their exercise of

their free speech rights, in violation of Civil Code section 52.1; (d) invading the privacy of

plaintiffs' home without a warrant or a reasonable belief in an exception to the warrant

requirement, by pounding on their door and threatening to break it down, in violation of Civil

Code section 52.1; (e) engaging in a pattern and practice of depriving persons of rights,

privileges, and immunities secured by the laws and Constitution of the State of California, and

the laws and Constitution of the United States, in violation of Civil Code section 52.3; and (f)

failing to train, discipline, or supervise the SJPD officers involved so as to prevent violations of

the constitutional rights of persons with whom such officers came into contact.

127.    Defendants knew or should have known that their failure adequately to train SJPD

officers in the requirements of the First, Fourth, Fifth, and Fourteenth Amendments to the United

States Constitution would cause plaintiffs injury.  Defendants knew or should have known that

their failure adequately to train SJPD officers in what is required to sustain a conviction for

violating Penal Code section 148 would cause plaintiffs injury.

128.    As a direct and proximate result of defendants' conduct alleged herein, plaintiffs

suffered damages, including humiliation and damage to their reputation, bodily injury, physical

pain, and emotional distress, according to proof at the time of trial.

129.    Plaintiffs are informed and believe, and thereon allege, that defendants' acts

alleged above were done with malice, fraud, and oppression, and in reckless disregard of

plaintiffs' constitutional rights, justifying an award of exemplary and punitive damages.

### SEVENTEENTH CAUSE OF ACTION

**(Negligent Infliction of Emotional Distress – All Plaintiffs Against All Defendants)**

130.    Plaintiffs hereby incorporate by reference paragraphs 1 through 129, inclusive.

131.    Defendants breached a duty owed to plaintiffs by engaging in the acts alleged

24

1   herein.

2      132.   Defendants knew or should have known that violently arresting Maria,

3   Bernardino, and Jose, without a warrant or probable cause, or any reasonable belief that any of

4   them had committed a crime would cause plaintiffs severe emotional distress. Defendants knew

5   or should have known that Dolores and A.B. would suffer severe emotional distress, beyond that

6   which would be anticipated in a disinterested witness, from watching the SJPD officers'

7   treatment of their immediate family members.

8      133.   Defendants knew or should have known plaintiffs would suffer severe emotional

9   distress as a result of defendants' conduct in (a) threatening to arrest or arresting plaintiffs

10   violently, and on the basis of their race, ethnicity, or national origin, in violation of Civil Code

11   sections 51.7 and 52.1; (b) searching plaintiffs' home and destroying their personal property

12   violently, and on the basis of their race, ethnicity, or national origin, in violation of Civil Code

13   sections 51.7 and 52.1; (c) threatening to arrest or arresting plaintiffs Maria and Dolores

14   violently in retaliation for their exercise of their free speech rights, in violation of Civil Code

15   section 52.1; (d) invading the privacy of plaintiffs' home without a warrant or a reasonable belief

16   in the existence of an exception to the warrant requirement, by pounding on their door and

17   threatening to break it down, in violation of Civil Code section 52.1; (e) engaging in a pattern

18   and practice of depriving persons of rights, privileges, and immunities secured by the laws and

19   Constitution of the State of California, and the laws and Constitution of the United States, in

20   violation of Civil Code section 52.3; and (f) failing to train, discipline, or supervise the SJPD

21   officers involved so as to prevent violations of the constitutional rights of persons with whom

22   such officers came into contact.

23      134.   Defendants knew or should have known that their failure adequately to train SJPD

24   officers in the requirements of the First, Fourth, Fifth, and Fourteenth Amendments to the United

25   States Constitution would cause plaintiffs severe emotional distress. Defendants knew or should

26   have known that their failure adequately to train SJPD officers in what is required to sustain a

27   conviction for violating Penal Code section 148 would cause plaintiffs severe emotional distress.

28      135.   As a direct and proximate result of defendants' conduct, plaintiffs suffered severe

1   emotional distress, including highly unpleasant mental reactions, profound shock, fright, horror,

2   grief, shame, humiliation, embarrassment, anger, chagrin, disappointment or worry.

3       136.   Plaintiffs are informed and believe, and thereon allege, that defendants' acts

4   alleged above were done with malice, fraud, and oppression, and in reckless disregard of

5   plaintiffs' constitutional rights, justifying an award of exemplary and punitive damages.

6                **EIGHTEENTH CAUSE OF ACTION**

7           **(Trespass – All Plaintiffs Against All Defendants)**

8       137.   Plaintiffs hereby incorporate by reference paragraphs 1 through 136, inclusive.

9       138.   Plaintiffs rent and occupy their part of the house at 898 Vine Street in San Jose,

10  California, and have the right to possess and exclude others from their part of the house and the

11  surrounding curtilage.

12      139.   Plaintiffs are informed and believe, and thereon allege, that defendants

13  intentionally entered plaintiffs' property, including their part of the house at 898 Vine Street in

14  San Jose, California.

15      140.   Plaintiffs did not voluntarily consent to allow defendants to enter their part of the

16  house, or remain anywhere on the property once defendants knew or should have known that

17  they were at the wrong house.

18      141.   As a direct and proximate result of defendants' conduct alleged herein, plaintiffs

19  suffered damages according to proof at the time of trial.

20      142.   Plaintiffs are informed and believe, and thereon allege, that defendants' acts

21  alleged above were done with malice, fraud, and oppression, and in reckless disregard of

22  plaintiffs' constitutional rights, justifying an award of exemplary and punitive damages.

23                **PRAYER FOR RELIEF**

24   WHEREFORE, plaintiffs pray for relief as follows:

25     1.   For general damages in an amount according to proof;

26     2.   For compensatory damages, including but not limited to medical expenses and

27  lost earnings, in an amount according to proof;

28     3.   For exemplary and punitive damages against the individual defendants according

COMPLAINT FOR DAMAGES           CASE NO. _____

to proof;

    4.    For civil penalties to the fullest extent allowed by law;

    5.    For costs of suit, including attorneys' fees; and

    6.    For such other and further relief as the Court may deem proper.

DATED: February 27, 2009                McMANIS FAULKNER

                                            *Christine E. Peek*

                                      JAMES MCMANIS
                                      CHRISTINE PEEK

                                      Attorneys for Plaintiffs

### DEMAND FOR JURY TRIAL

    Plaintiffs hereby demand a jury trial as provided by Rule 38(b) of the Federal Rules of Civil Procedure.

DATED: February 27, 2009                McMANIS FAULKNER

                                            *Christine E. Peek*

                                      JAMES MCMANIS
                                      CHRISTINE PEEK

                                      Attorneys for Plaintiffs

COMPLAINT FOR DAMAGES                                    CASE NO. _____